| | | |
|---|---|---|
| JS - 6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** CV 12-07701 SJO (FMOx)   **DATE:** October 4, 2012

**TITLE:** The Bank of New York Mellon v. Roger D. Wells, et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                               Not Present
Courtroom Clerk                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**             **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                    Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 7]; **DISMISSING AS MOOT PLAINTIFF'S EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING** [Docket No. 8]

This matter is before the Court on Plaintiff The Bank of New York Mellon's ("Plaintiff") Motion to Remand Case to Los Angeles County Superior Court ("Motion") and Plaintiff's Ex Parte Application to Shorten Time for Hearing ("Application"), both filed October 2, 2012. The Court found this matter appropriate for decision without oral argument and vacated the hearing set for November 5, 2012. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion and **DISMISSES AS MOOT** Plaintiff's Application.

I.      BACKGROUND

On December 29, 2011, Plaintiff initiated this unlawful detainer action in Los Angeles County Superior Court. (Notice of Removal ("Notice") ¶ 1, ECF No. 1.) Plaintiff alleges that Defendants Roger D. Wells and Kume Y. Wells (collectively, "Defendants") are unlawfully in possession of the property located at 168 New Bedford Ave., Claremont, CA 91711 (the "Premises") after being duly served on December 17, 2011 with a 3-Day Written Notice to Vacate made in compliance with Section 1161(a) of the California Code of Civil Procedure. (Notice Ex. A, at 3 ("Compl.") ¶ 6, Ex. B, at 10.) Proceeding *pro se*, Defendants filed a demurrer to the Complaint in Los Angeles County Superior Court, alleging that the Complaint was based on a defective Notice to Occupants to Vacate Premises, in violation of The Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. (Notice ¶¶ 1, 8.) The Los Angeles County Superior Court did not sustain Defendants' demurrer. (Notice ¶ 9.) On September 7, 2012, Defendants removed this action to the Central District of California pursuant to 28 U.S.C. §§ 1331 and 1441. (Notice ¶ 10.) To support removal, Defendants allege that federal question jurisdiction exists because Defendants' demurrer raises an issue of federal law under 12 U.S.C. § 5220.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**CASE NO.:** CV 12-07701 SJO (FMOx)     **DATE:** October 4, 2012

On October 2, 2012, Plaintiff filed a Motion to Remand, arguing that removal is improper because there is no federal question at issue since the underlying claim is for unlawful detainer, based only on California code of Civil Procedure sections 1161(a) and 1174(b).[1]  (Mot. 3.)

II.    DISCUSSION

Under the removal statute, an action is removable to federal court only if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).  To support removal under § 1331, Defendants must demonstrate that federal question jurisdiction is proper.

   A.    Federal Question Jurisdiction

Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted).  Pursuant to the well-pleaded complaint rule, a defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002).  Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," the plaintiff may avoid federal jurisdiction by pleading exclusively state law claims.  *Williams*, 482 U.S. at 392; *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, it is clear that federal question is improper.  The Complaint asserts only one cause of action for unlawful detainer arising out of California Code of Civil Procedure section 1161(a). (Compl.)  Although Defendants argue that their demurrer raises a federal question as to whether Plaintiff complied with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 (Notice. ¶ 10), this argument is set forth as a defense to Plaintiff's state law claim and therefore, pursuant to the well-pleaded complaint rule, is insufficient to move the case from state to federal court.  *See Vaden*,

---

[1] Plaintiff also argues that federal jurisdiction is improper because there is no subject matter jurisdiction based on diversity of citizenship.  (Mot. 4.)  This argument is irrelevant because Defendants have not asserted diversity of citizenship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| | |
|---|---|
| **CASE NO.:** CV 12-07701 SJO (FMOx) | **DATE:** October 4, 2012 |

556 U.S. at 60.  Because Plaintiff's cause of action arises under the laws of the state of California and not the United States, Defendants cannot establish federal question jurisdiction.

III.     CONCLUSION

Because the Court lacks subject matter jurisdiction over this action, the Court **GRANTS** Plaintiff's Motion to Remand this case to the Superior Court of California, County of Los Angeles and **DISMISSES AS MOOT** Plaintiff's Ex Parte Application to Shorten Time for Hearing.  This action shall close.

IT IS SO ORDERED.